**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TORIC LAJUAN WEST,** § | |
| Plaintiff, § | |
| v. § | No. 3:14-CV-3576-BF |
| **CAROLYN W. COLVIN, Acting** § | |
| **Commissioner of Social Security,** § | |
| Defendant. § | |

**MEMORANDUM OPINION & ORDER**

Toric Lajuan West ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is AFFIRMED.

**BACKGROUND**

Plaintiff alleges that he is disabled due to a variety of ailments, including depression and bipolar schizophrenia. *See* Tr. [ECF No. 12-3 at 73]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on October 5, 2010 in Dallas, Texas before ALJ Barbara Marquardt. *Id.* [ECF No. 12-3 at 64]. Plaintiff proceeded *pro se* during his October 5, 2010 hearing. *See id.* [ECF No. 12-3 at 66-67]. At the time of the October 5, 2010 hearing, Plaintiff was 34 years old. *Id.* [ECF No.12-3 at 67]. Plaintiff has past work experience as a food service worker, information clerk, and a telephone solicitor. *Id.* [ECF No. 12-3 at 72]. Plaintiff has a GED. *Id.* [ECF No. 12-3 at 67]. Plaintiff has not engaged in substantial gainful activity since February 16, 2003. *Id.* [ECF No. 12-3 at 40]. Vocational Expert ("VE") Jennifer McGinnis was present at Plaintiff's hearing. *See id.* [ECF No.

12-3 at 66].

On January 28, 2011, the ALJ issued a decision finding that Plaintiff has not been under a disability from February 16, 2003 through the date of her decision. *See id.* [ECF No. 12-3 at 38]. The ALJ determined that Plaintiff has the medically determinable impairments of alcohol abuse and schizoaffective disorder. *See id.* [ECF No. 12-3 at 40]. The ALJ also determined that Plaintiff does not have an impairment or combination of impairments that significantly limits (or is expected to significantly limit) his ability to perform basic work-related activities for 12 consecutive months, and therefore, Plaintiff does not have a severe impairment or combination of impairments. *See id.* [ECF No. 12-3 at 41].

The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, Plaintiff's statements regarding the intensity, persistence, and limiting effects of those symptoms were not credible. *See id.* [ECF No. 12-3 at 42]. The ALJ noted that while Plaintiff first sought treatment for mental health problems in July of 2004, the treatment records from Metrocare reflected significant gaps in treatment. *See id.* [ECF No. 12-3 at 42]. Moreover, the ALJ noted that the reports from Metrocare tended to indicate that Plaintiff would only seek treatment when he needed other services, such as housing, food, and disability benefits. *See id.* [ECF No. 12-3 at 42]. For example, the ALJ noted that Plaintiff failed to show up for a scheduled appointment in May of 2009, and did not return until September of 2009, when he needed a letter discussing his diagnosis to obtain social security benefits and a completed food stamp form. *See id.* [ECF No. 12-3 at 42].

The ALJ further observed that while Plaintiff had a depressed mood at his initial counseling sessions in October of 2004, by the end of 2004, Plaintiff's Counselor, Scott Wakeem reported that

Plaintiff had healthy thoughts and behavior, and counseling notes from 2005 revealed that Plaintiff improved and was looking for a job. *See id.* [ECF No. 12-3 at 42]. The ALJ also noted that after Plaintiff's counseling session in February of 2005, he did not return to Metrocare again until October of 2008. *See id.* [ECF No. 12-3 at 42]. Further, while Plaintiff reported being depressed, abusing alcohol, and hallucinating at his October 2008 counseling session, the ALJ noted that Lynn McCasland, the nurse who assessed Plaintiff, stated that he only had mild depression with no signs of psychotic features. *See id.* [ECF No. 12-3 at 42]. The ALJ also observed that there are no other treatment records until April of 2009, at which time Plaintiff was diagnosed with alcohol dependence and schizoaffective disorder. *See id.* [ECF No. 12-3 at 42]. The ALJ noted that while medication was recommended at that time, there was no evidence in the record indicating that Plaintiff took any medication and there was no treatment records from a psychiatrist or psychologist. *See id.* [ECF No. 12-3 at 42-43]. Furthermore, the ALJ observed that during a Metrocare appointment in September of 2009, Plaintiff was reported as having no psychotic symptoms. *See id.* [ECF No. 12-3 at 43].

The ALJ discussed Plaintiff's July 27, 2009 consultative examination by Grant Hollyer, a doctor of psychology, wherein Dr. Hollyer found no evidence of psychotic symptoms and doubted Plaintiff's credibility regarding his mood swings due to the inconsistent statements made during the examination. *See id.* [ECF No. 12-3 at 43]. The ALJ also noted that Plaintiff told Dr. Hollyer that he has never been arrested and he last drank alcohol in September of 2008, which Dr. Hollyer observed as being contrary to the record. *See id.* [ECF No. 12-3 at 43]. The ALJ further noted that in October of 2008, Plaintiff reported to a nurse at Metrocare that he was arrested for check fraud, and that in April of 2009, Plaintiff admitted to drinking alcohol and failing to attend alcoholics anonymous meetings. *See id.* [ECF No. 12-3 at 43]. In addition, the ALJ noted that the record

3

reflected that Plaintiff has worked since his alleged onset date, despite his alleged mental impairments, and that he has earnings in 2005, 2006, 2007, 2008, and 2009, and the earnings from each of those years are consistent with earnings prior to his alleged onset date, which led the ALJ to believe that Plaintiff's continued unemployment is not related to his alleged impairments. *See id.* [ECF No. 12-3 at 43].

Because Plaintiff had medically determinable mental impairments, the ALJ also considered the four functional areas set out in the disability regulations for evaluating mental disorders. *See id.* [ECF No. 12-3 at 43]. In the first functional area of activities of daily living, the ALJ concluded that Plaintiff has no limitations. *See id.* [ECF No. 12-3 at 43]. The ALJ noted that there is no evidence that Plaintiff has limitations in this area, Plaintiff was able to care for his personal needs, and that Plaintiff appeared at his appointments neatly dressed and well groomed. *See id.* [ECF No. 12-3 at 43]. Further, the ALJ noted that Plaintiff was able to ride the bus for transportation. *See id.* [ECF No. 12-3 at 43]. In the social functioning area, the ALJ noted that Plaintiff has friends with whom he spends time, goes to the movies, and regularly attends church. *See id.* [ECF No. 12-3 at 43]. In the functional area of concentration, persistence, and pace, the ALJ concluded that Plaintiff has mild limitations. *See id.* [ECF No. 12-3 at 43]. In the functional area of episodes of decompensation, the ALJ noted that there is no evidence that Plaintiff has experienced such episodes. *See id.* [ECF No. 12-3 at 43].

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* [ECF No. 12-3 at 5]. On July 8, 2014, the Appeals Council affirmed the ALJ's decision. *See id.* [ECF No. 12-3 at 5]. Plaintiff subsequently filed this action in the district court on October 2, 2014. *See* Compl. [ECF No. 1].

4

## LEGAL STANDARDS

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022

(5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every

6

piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

## ANALYSIS

Plaintiff contends that the ALJ committed reversible error by failing to use the proper standard in evaluating whether his medically determinable impairments are severe. *See* Pl.'s Br. [ECF No. 16 at 3-6]. Plaintiff points out that the ALJ did not address or note in her decision that she used the *Stone* standard in determining the severity of his medically determinable impairments, only that she used it in determining whether Plaintiff has a medically determinable impairment. *See id.* [ECF No. 16 at 4]. Plaintiff argues that the Fifth Circuit has found the lack of an explicit reference to *Stone* to be a harmless error when the ALJ proceeded past the second step in the sequential evaluation process, but here, the ALJ stopped her analysis after using the improper standard to determine that Plaintiff did not suffer from a severe impairment at step two. *See id.* [ECF No. 16 at 4]. While Plaintiff acknowledges that procedural perfection is not required, Plaintiff argues that his substantial rights were affected, because the substantial evidence of the record supports a finding that Plaintiff suffered a severe mental impairment, and the ALJ failed to evaluate Plaintiff's disability under steps three through five of the sequential evaluation process. *See id.* [ECF No. 16 at 4].

The Commissioner argues that the ALJ's decision clearly indicates that she evaluated Plaintiff's alleged mental impairments under the proper standard, and that the ALJ applied the correct severity standard. *See* Def.'s Br. [ECF No. 17 at 4-5]. The Commissioner points out that the

ALJ properly followed the mandatory steps known as the "technique" when evaluating the severity of mental impairments. *See id.* [ECF No. 17 at 5]. Further, the Commissioner points out that a court in the Northern District of Texas has already upheld the use of the special technique when evaluating mental impairments. *See id.* [ECF No. 17 at 5] (citing *White v. Astrue*, No. 4:08-CV-415-Y, 2009 WL 763064, at *10 (N.D. Tex. Mar. 23, 2009)). The Commissioner argues that the ALJ, in addition to citing *Stone*, applied the technique specific to the evaluation of mental impairments. *See id.* [ECF No. 17 at 6]. Therefore, the Commissioner argues that the ALJ did not commit any error, harmless or otherwise, and in any event, the final decision of the Commissioner should be affirmed, because substantial evidence supports the ALJ's finding that Plaintiff did not have a severe mental impairment. *See id.* [ECF No. 17 at 6].

The Commissioner points out the ALJ's observations that Plaintiff failed to return to counseling sessions from February 2005 through October of 2008, and that Plaintiff made inconsistent statements to health care professionals which put into question Plaintiff's credibility. *See id.* [ECF No. 17 at 7-9]. The Commissioner further points out that in addition to his treatment records from Metrocare, Plaintiff's consultative mental examination findings also failed to support a finding that he had a severe mental impairment, and argues that Plaintiff's subjective complaints of severe mental impairments are not corroborated by objective evidence. *See id.* [ECF No. 17 at 8]. The Commissioner argues that Plaintiff failed to meet his burden of proof, because he does not explain the conflict between his allegations of severe mental impairments and the fact that there is no objective or subjective evidence suggesting disability during the relevant time period. *See id.* [ECF No. 17 at 9].

Upon consideration of the record in this case, the Court finds that substantial evidence

supports the ALJ's decision. While Plaintiff argues that he suffers from disabling mental impairments, the record in this case supports a contrary conclusion. Plaintiff's subjective complaints must be corroborated by objective medical evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Hous. v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989)). Further, the Court does not find that the ALJ committed a procedural error in her analysis as urged by Plaintiff, but even if the ALJ had committed such an error, the Court does not find that there is a realistic possibility that the ALJ would have reached a different conclusion had she followed the procedure suggested by Plaintiff. *See Wilder*, 2014 WL 2931884, at *5. The Court further finds that the alleged errors do not put into doubt the existence of substantial evidence to support the ALJ's decision, given the supporting objective medical evidence. *Id.* Therefore, the Court finds that the ALJ's decision should not be disturbed.

## **CONCLUSION**

For the reasons stated above, the final decision of the Commissioner is AFFIRMED.

SO ORDERED, this 23rd day of March, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE